UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANITA M. WOODS<br>7544 Sycamore Woods Lane<br>Hamilton, OH  45011<br><br>          Plaintiff,<br><br>     v.<br><br>OTTERBEIN HOMES<br>c/o Gh&R Business Services, Inc.<br>1900 Fifth Third Center<br>511 Walnut Street<br>Cincinnati, OH 45202<br><br>          and<br><br>OTTERBEIN LEBANON<br>c/o Gh&R Business Services, Inc<br>1900 Fifth Third Center<br>511 Walnut Street<br>Cincinnati, OH 45202<br><br>          Defendants. | Case No. 1:09-cv-756<br><br>Judge _____<br><br><br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

## PARTIES

1. Plaintiff Anita Woods ("Plaintiff") is a citizen and resident of the state of Ohio.

2. Defendant Otterbein Homes is a non-profit corporation incorporated in the state of Ohio.

3. Defendant Otterbein Lebanon is a non-profit corporation incorporated in the state of Ohio.

4. Defendants are employers within the meaning of federal and Ohio law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Counts I, III, and V pursuant to 28 U.S.C. § 1331 because these Counts arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

6. This Court has supplemental jurisdiction over the state law claims in Counts II, IV and VI pursuant to 28 U.S.C. § 1367 on the grounds that these Counts are so related to the federal claims over which this Court has original jurisdiction, that they form the same case or controversy.

7. Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") under its work-sharing agreement with the Ohio Civil Rights Commission.

8. The EEOC did not rule that Plaintiff's charge was untimely.

9. Plaintiff received a Notice of Right to Sue from the EEOC.

10. Plaintiff filed this Complaint within 90 days of her receipt of the EEOC Notice of Right to Sue.

11. Plaintiff has met all procedural prerequisites for all of her claims.

12. Venue is proper in this Division and District pursuant to 29 U.S.C. § 1391(b) because Plaintiff was employed in this division and district and the conduct giving rise to Plaintiff's claims occurred within this division and district.

## FACTUAL ALLEGATIONS

13. Ms. Woods is female.

14. Ms. Woods began her employment with Defendants on May 29, 2007 as the Dining Services Director in the Dietary Department.

15. At all relevant times, Ms. Woods was qualified for her position and was a loyal and dedicated employee.

16. Throughout her employment with Defendants, her performance was excellent as reflected in her performance evaluations.

17. Ms. Woods received her most recent performance evaluation on June 24, 2008. She received a 4.25 out of 4.5 and was rated "exceeds" in nearly every category.

18. In May 2008, Ms. Woods made a written complaint of sexual harassment against the Administrator for Otterbein's Lebanon facility after he improperly touched her.

19. In late June 2008, Robert Benson, President/CEO Otterbein Lebanon, separated his employment with Otterbein.

20. Upon Mr. Benson's departure, Ms. Woods received a written warning from the Administrator on June 30, 2008 and was threatened with termination.

21. The written warning was issued just one week after Ms. Woods had received an excellent performance evaluation.

22. Via letter dated July 14, 2008 addressed to the Director of Human Resources, Ms. Woods expressed her concern that the written warning was issued in retaliation for her earlier complaint of sexual harassment.

23. Ms. Woods expressed her concern that since Mr. Benson's departure from the company in late June, the Administrator felt he could retaliate against her.

24. Two weeks later, Ms. Woods was terminated on August 1, 2008.

25. Defendants' termination of Plaintiff's employment allowed for the retention and hiring of male individuals.

## COUNT I

### (Sexual Harassment - Title VII)

26. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

27. Plaintiff was subjected to unwelcome and inappropriate sexual acts by her supervisor.

28. The unwelcome acts were directed to Plaintiff on account of her gender.

29. Because of the unwelcome acts, Plaintiff was forced to work in a hostile, abusive work environment which, because of its pervasiveness and severity, interfered with her ability to perform her job.

30. Defendants were aware that the unwelcome acts were occurring and did not take any action to prevent or stop them.

31. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

32. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been injured and is entitled to recovery under Title VII.

## COUNT II

### (Sexual Harassment - Ohio Revised Code Chapter 4112)

33. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

34. Plaintiff was subjected to unwelcome and inappropriate sexual acts by her supervisor.

35. The unwelcome acts were directed to Plaintiff on account of her gender.

36. Because of the unwelcome acts, Plaintiff was forced to work in a hostile, abusive work environment which, because of its pervasiveness and severity, interfered with her ability to perform her job.

37. Defendants were aware that the unwelcome acts were occurring and did not take any action to prevent or stop them.

38. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been injured and is entitled to recovery.

## COUNT III

### (Retaliation - Title VII)

40. Plaintiff realleges the foregoing paragraphs as if fully rewritten.

41. Plaintiff complained of sexual harassment.

42. Defendants willfully and maliciously treated Plaintiff differently and terminated her in retaliation for opposing the unlawful sexual harassment she experienced.

43. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been injured and is entitled to recovery under Title VII.

## COUNT IV

### (Retaliation - Ohio Revised Code Chapter 4112)

45. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

46. Plaintiff complained of sexual harassment.

47. Defendants willfully and maliciously treated Plaintiff differently and terminated her in retaliation for opposing the unlawful sexual harassment she experienced.

48. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

49. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been injured and is entitled to recovery.

## COUNT V

### (Gender Discrimination - Title VII)

50. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

51. Plaintiff is a female.

52. Plaintiff was fully qualified for her position at all relevant times.

53. Defendants discriminated against Plaintiff by treating her differently than similarly situated male employees and by terminating her employment on account of her gender, in violation of Title VII.

54. Defendants' termination of Plaintiff's employment allowed for the retention and hiring of male individuals.

55. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

55. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been injured and is entitled to recovery under Title VII.

## COUNT VI

### (Gender Discrimination - Ohio Revised Code Chapter 4112)

56. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

57. Plaintiff is a female.

58. Plaintiff was fully qualified for her position at all relevant times.

59. Defendants discriminated against Plaintiff by treating her differently than similarly situated male employees and by terminating her employment on account of her gender, in violation of Ohio Revised Code § 4112.

60. Defendants' termination of Plaintiff's employment allowed for the retention and hiring of male individuals.

61. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

62. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has been injured and is entitled to recovery.

WHEREFORE, Plaintiff Anita Woods demands judgment against Defendants Otterbein Homes and Otterbein Lebanon as follows:

    (a)    That Defendants be enjoined from further unlawful conduct as described in the Complaint;

    (b)    That Plaintiff be awarded all lost pay and benefits;

    (c)    That Plaintiff be awarded front pay;

    (d)    That Plaintiff be reinstated;

    (e)    That Plaintiff be awarded compensatory damages;

    (f)    That Plaintiff be awarded punitive damages;

    (g)    That Plaintiff be awarded pre-judgment interest;

    (h)    That Plaintiff be awarded reasonable attorneys' fees; and

    (i)    That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Jon B. Allison
Jon B. Allison (0073955)
Trial Attorney for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH  45202
(513) 721-1975/Fax:  (513) 651-2570
*jallison@frekingandbetz.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Jon B. Allison